**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
PRESTON K. FLOOD, No. 032764
seand@phillipsdayeslaw.com
(602) 288-1610 ext. 432
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Ethelbah;<br><br>Plaintiff,<br><br>vs.<br><br>Kona Grill International, Inc., an Arizona corporation; Kona Sushi, Inc., an Arizona corporation<br><br>Defendants, | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Lisa Ethelbah, for her Complaint against Defendants, alleges as follows:

### **NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

6. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to this matter occurred in this District.

7. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

9. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10. At all times material hereto, Kona Grill International, Inc., was incorporated in the State of Arizona with its principal place of business in Maricopa County, Arizona.

11. At all times material hereto, Kona Sushi, Inc., was incorporated in the State of Arizona with its principal place of business in Maricopa County, Arizona.

## FACTUAL BACKGROUND

11. At all relevant times, Plaintiff was an "employee" of Defendants.

12. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

13. At all relevant times, Defendants were and continue to be an "employer" as defined in 29 U.S.C. § 203(d).

14. Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

15. At all times material to this action, Defendants were and continue to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

16. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

17. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continue to exceed, $500,000.00.

18. Kona Grill International, Inc., is a chain restaurant and bar with a broad range of locations across the United States.

19. Kona Sushi International, Inc., is a subsidiary of Kona Grill International, Inc.

20. Defendants hired Plaintiff on or about July 6th, 2015 as a Human Resources Manager.

21. Plaintiff's job duties and responsibilities included providing human resources support to all Kona Grill locations and 4,000 employees across twenty states.

22. Based on her experience as a Human Resource Manager, Plaintiff considered her day-to-day duties to be those, essentially, of a human resources clerk.

23. Defendants compensated Plaintiff with a salary of $75,000 per year.

24. From the beginning of her employment, Plaintiff worked in excess of forty (40) hours each week she worked for Defendants in order to adequately complete the weekly requirements of her position.

25. Defendants did not pay Plaintiff overtime for hours worked in excess of forty (40) from the start of her employment through her resignation from the position.

26. Plaintiff made a complaint to her direct supervisor that she had concerns about being misclassified as an exempt employee.

27. In response, Plaintiff was eventually made an offer of a salary raise of $10,000 in lieu of overtime wages.

28. Plaintiff's complaint to her direct supervisor included issues regarding her ability to support so many employees on her own while keeping with Defendants' strict requirement for response times.

29. Plaintiff also complained that much of her time was consumed by manually processing and gathering necessary data, and that she consistently needed to be provided access to Defendants' payroll system.

30. Plaintiff would have to ask Defendants' payroll manager for reports and information to be able to complete her job duties.

31. Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

32. Plaintiff was a non-exempt employee.

33. Plaintiff had no supervision or management responsibilities.

34. Plaintiff could neither hire nor fire employees.

35. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

36. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

37. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Kona Grill International, Inc or Kona Sushi, Inc.

38. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

39. Plaintiff did not perform work requiring advanced knowledge.

40. Plaintiff did not perform work in a field of science or learning.

41. Plaintiff did not have an advanced degree and was not required to have one to perform the work.

42. The knowledge required to perform the work of a human resources manager is not acquired by a prolonged course of specialized intellectual study.

43. Plaintiff's work did not require consistent exercise of discretion and judgment.

44. Plaintiff's work did not require her to analyze, interpret, or make deductions from varying facts or circumstances.

45. Plaintiff's duties were carried out in a mechanical and routine manner and she had no authority to make independent decisions in performing those duties.

46. Plaintiff's work did not require invention, imagination, originality, or talent.

47. Plaintiff's work did not require creative or original analysis and interpretation.

48. Plaintiff has retained the law firm of Phillips Dayes Law Firm PC to prosecute her claims against Defendants on her behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**<u>OVERTIME VIOLATION—29 U.S.C. § 207</u>**

49. Plaintiff incorporates and adopts paragraphs 1 through 49 above as if fully set forth herein.

50. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

51. Plaintiff was a non-exempt employee.

52. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

53. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

54. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

55. In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

56. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

57. Defendants have not made a good faith effort to comply with the FLSA.

58.   Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

 a. Awarding Plaintiff overtime compensation in the amount due for all of her time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

 b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

 c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

 d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

 e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

 f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## **DECLARATORY JUDGMENT**

59. Plaintiff incorporates and adopts paragraphs 1 through 58 above as if fully set forth herein.

60. Plaintiff and Defendants have an overtime compensation dispute pending.

61. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

62. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiff.

   b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

   c. Plaintiff individually is covered by the overtime provisions of the FLSA.

   d. Plaintiff was not an exempt employee pursuant to the FLSA.

   e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

   f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

   g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

   h. Plaintiff is entitled to an equal amount as liquidated damages.

    i. Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

63. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

64. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

  a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

  b. Awarding Plaintiff her reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

  c. For such other and further relief as the Court deems just and proper

Dated: October 3, 2017    Respectfully submitted,

           **PHILLIPS DAYES LAW FIRM PC**

           By: <u>/s/ Sean C. Davis</u>
             Trey Dayes
             Sean C. Davis
             Preston Flood
             Attorneys for Plaintiff