**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Ethelbah,<br><br>  Plaintiff,<br><br>v.<br><br>Kona Grill International Incorporated, et al.,<br><br>  Defendants. | No. CV-17-03419-PHX-DLR<br><br>**ORDER** |

Plaintiff Lisa Ethelbah accuses Defendants Kona Grill International, Inc. and Kona Sushi, Inc. of failing to pay her overtime in violation of the Fair Labor Standards Act ("FLSA"). Before the Court is Defendants' motion for summary judgment. (Doc. 45.) The motion is fully briefed, and the Court held oral argument on October 17, 2018. For reasons that follow, Defendants' motion is denied.

**I.  Background**

Defendants hired Plaintiff as their Human Resources Manager in July 2015. (Doc. 46 ¶ 1.) In that capacity, Plaintiff "provided advice and counseling to Kona Grill management"; "conducted extensive audits of Kona Grill's HR documents, policies, and practices"; "conduct[ed] internal investigations regarding employment matters"; "recommended, developed, and conducted training sessions for Kona Grill managers and employees"; "recommend[ed], draft[ed] and implement[ed] HR policies and procedures"; recommended and implemented "a new online employee onboarding and benefits

election system"; "manag[ed] and overs[aw] workers' compensation, general liability and unemployment claims against Kona Grill"; "administered Kona Grill's FMLA and medical leave policies"; "administer[ed] Kona Grill's benefits programs"; "provided expert guidance to management regarding compliance with various employment laws"; and made hiring recommendations.[1]  (*Id.* ¶¶ 8, 18, 23, 28, 35, 41, 43, 51, 57, 65, 83-88.) Plaintiff's duties also included data entry.  (*See* Doc. 48 ¶ 98.)

Plaintiff voluntarily resigned in November 2018.  (Doc. 46 ¶ 1.)  On November 28, 2016, she presented Defendants with a letter demanding allegedly unpaid overtime wages.  (Doc. 46-4 at 63-66.)  When Defendants refused to pay the amounts demanded, Plaintiff filed this action.

**II.  Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record]

---

[1] Although Plaintiff purports to dispute these facts, her controverting statements often are not responsive to the facts actually asserted by Defendants. Moreover, even when accounting for Plaintiff's controverting statements (which mostly address the amount of time she spent performing these tasks and the degree to which she acted independently), it is undisputed that Plaintiff in some form or another performed these functions in her capacity as Defendants' Human Resources Manager.

which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of material factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. If the non-movant fails "to make a sufficient showing on an essential element of her case" the moving party is entitled to summary judgment in its favor on that element. *Celotex*, 477 U.S. at 323.

**III. Discussion**

Defendants argue that Plaintiff cannot prevail on her claim for unpaid overtime wages because she qualifies for the FLSA's administrative exemption as a matter of law. Under the FLSA, employers must pay their employees one and one-half times their regular rate for work exceeding forty hours per workweek. 29 U.S.C. § 207(a)(1). This overtime requirement does not apply, however, to persons "employed in a bona fide . . . administrative . . . capacity." 29 U.S.C. § 213(a)(1). Under Department of Labor ("DOL") regulations, the administrative exemption covers any employee:

> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . .;
>
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
>
> (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

29 C.F.R. § 541.200(a). These DOL regulations "are explicit prerequisites to exemption, not merely suggested guidelines." *McKeen-Chaplin v. Provident Sav. Bank, FSB*, 862 F.3d 847, 851 (9th Cir. 2017) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, (1960)). Thus, Plaintiff can survive summary judgment by showing triable issues of fact on any one of these elements.

Neither party disputes that Plaintiff's salary of $65,000 exceeds the regulatory requirement or that she primarily performed office work related to Kona Grill's general

business operations and management, rather than manual work. (*See* Doc 47 at 6-9.)  Nor does Plaintiff genuinely dispute that, as the Human Resources Manager, she sometimes exercised discretion and independent judgment with respect to matters of significance. (*See, e.g.*, Doc. 46 ¶¶ 11, 18, 23, 28, 35, 41, 43, 51, 65, 83.)  Instead, the crux of the parties' dispute is whether Plaintiff's *primary duty* included the exercise of discretion and independent judgment.  On this point, the Court finds that genuine issues of material fact preclude summary judgment.

DOL regulations define "primary duty" as the "principal, main, major or most important duty that the employee performs." 29 C.F.R. § 541.700(a).  Whether a function is an employee's primary duty is based on considering of all pertinent facts in a particular case.  *Id.*  Factors to consider include:

> the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

*Id.*

Here, Plaintiff testified that she spent "probably less than 10 percent" of her time performing exempt work.  (Doc. 48-1 at 4.)  At oral argument, Defendants disputed this testimony, arguing that Plaintiff could not have discharged her exempt duties in only ten percent of her time.  For support, Defendants provided documentary evidence of myriad occasions when Plaintiff exercised discretion and independent judgment.  (*See, e.g.*, Doc. 46 ¶¶ 11, 18, 23, 28, 35, 41, 43, 51, 65, 83.)

Although a fact-finder reasonably could side with Defendants on this issue, it does not follow that a fact-finder could not also reasonably credit Plaintiff's testimony. Defendants ask the Court to disregard Plaintiff's testimony regarding the time she spent on exempt tasks, claiming that it is conclusory, unsupported, and self-serving. (Doc. 49 at 4-8.)  The Court, however, may not disregard a non-movant's testimony when it is "based on personal knowledge, legally relevant, and internally consistent." *Nigro v.*

*Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015). Plaintiff has personal knowledge of the time she spent performing specific tasks, and the time she spent performing those tasks is relevant to the primary duty determination. *See* 29 C.F.R. § 541.700(a). Moreover, Plaintiff's testimony does not directly contradict any of her prior sworn statements. Disregarding her testimony therefore would amount to a credibility determination, which is properly reserved for the fact-finder rather than the Court ruling on a summary judgment motion.

Accordingly, narrowly construing the administrative exemption against Defendants, *see Webster v. Pub. Sch. Emp. of Wash., Inc.*, 247 F.3d 910, 914 (9th Cir. 2001), viewing the facts in a light most favorable to Plaintiff, and drawing all reasonable inferences in her favor (as the Court must at this stage), a reasonable fact-finder could conclude that Plaintiff's primary duty as a Human Resources Manager did not involve the exercise of discretion and independent judgment because of the relatively small amount of time she devoted to such tasks.

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 45.) is **DENIED**.

**IT IS FUTHER ORDERED** that the parties shall participate in a telephonic status conference on **December 6, 2018 at 3:30 p.m.** in Courtroom 606, 401 W. Washington St., Phoenix, AZ 85003 before Judge Douglas L. Rayes. Counsel for Plaintiff is responsible for making the necessary arrangements for the conference call. The parties shall come prepared to discuss setting a trial date and other, related pre-trial deadlines. All parties participating in the conference call shall do so via a landline only. The use of cellular phones will not be permitted.

Dated this 26th day of November, 2018.

Douglas L. Rayes
United States District Judge